IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKI L. GLASCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-13-0130-C |
| | ) |
| ADVANCED DENTAL IMPLANT & | ) |
| DENTURE CENTER, LLC, d/b/a MY | ) |
| DENTIST; ADVANCED DENTAL | ) |
| IMPLANT AND DENTURE, INC.; | ) |
| and MY DENTIST HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Following her termination from her employment with Defendants, Plaintiff brought the present action asserting claims for retaliation in violation of Title VII of the Civil Rights Act of 1964, state law claims for violation of the Oklahoma Workers' Compensation Code, and Burk[*] based public policy claims arising from Defendants' alleged violation of clearly established Oklahoma public policy. In response to Plaintiff's filing, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), stating that Plaintiff had failed to state a claim for relief. In particular, Defendants' motion challenges Plaintiff's public policy Burk tort claims, asserting that she has failed to demonstrate the existence of a clearly established public policy.

Review of Plaintiff's state court petition notes that she asserted two specific public policy claims. First, that Defendants retaliated against her for her complaints regarding

---

[*] See Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24.

Defendants' failure to pay their employees all wages due. Plaintiff's second public policy claim states that Defendants terminated her in retaliation for assisting another employee in filing a worker's compensation claim. As noted, Defendants attack each of these claims, asserting that Plaintiff has failed to establish the existence of a clear public policy.

To establish a Burk tort, Plaintiff must establish the following three elements of a prima facie case: "1) the plaintiff and defendant had a terminable-at-will employment relationship; 2) the employment relationship was terminated contrary to an identified compelling Oklahoma public policy that is clearly articulated in constitutional, statutory, or decisional law; and 3) there is no other adequate remedy to protect the identified public policy." Reynolds v. Advance Alarms, Inc., 2009 OK 97, ¶ 7, 232 P.3d 907, 909 (citing McCrady v. Okla. Dep't of Pub. Safety, 2005 OK 67, ¶ 9, 122 P.3d 473, 475).

The only element disputed between the parties is the second element; that is, the existence of a clearly identified public policy. In her state court petition, Plaintiff relied on Reynolds and 40 Okla Stat. § 165.1 et seq. as establishing the public policy requiring payment of wages for hours worked. In their Motion to Dismiss, Defendants attempt to limit Plaintiff's stated public policy claim to "a requirement to pay for overtime wages," noting that in Reynolds, the Oklahoma Supreme Court held there was no public policy requiring an employer to pay an employee for working during lunch time. Defendants also direct the Court to McKenzie v. Renberg's, Inc., 94 F.3d 1478, 1487 (10th Cir. 1996), stating that in McKenzie the Tenth Circuit recognized that Oklahoma has no public policy requiring payment of overtime wages. On these grounds, Defendants assert that Plaintiff has failed to


set forth a clearly articulated public policy. However, Defendants' arguments misstate the scope of Plaintiff's public policy claim and improperly attempt to broaden the Oklahoma Supreme Court's holding in Reynolds.

As noted above, the public policy asserted by Plaintiff is a requirement that an employer pay an employee the wages due for all hours worked. As the Oklahoma Supreme Court recognized in Reynolds, the Oklahoma Labor Act, 40 Okla. Stat. § 165.1 et seq., sets forth a clear statutory scheme which requires covered employers to pay wages due their employees, including overtime pay, when applicable. Reynolds, 2009 OK 97, ¶ 12, 232 P.3d 907, 911. Contrary to Defendants' broad arguments, the holding in Reynolds is fairly limited. The Oklahoma Supreme Court held there is no statutory or decisional law for requiring an employer to pay an employee for working through the employee's lunch break when the employer's policy requires the employee to take a lunch break. Put simply, the Oklahoma Supreme Court in Reynolds affirmed the unremarkable proposition that if an employee works hours he or she is not permitted to work, the employer has no obligation to pay for those hours. Nothing in Reynolds suggests, as Defendants argue, that an employer is relieved from its statutorily imposed obligation to pay an employee for all hours worked. Further, because Plaintiff's asserted public policy is broader than paying overtime, McKenzie is inapplicable. The Court finds that Oklahoma has a clearly established public policy requiring an employer to pay an employee for all hours worked.

Defendants also argue that even were the Court to find the existence of a public policy, Plaintiff's claim cannot prevail, as she is bringing the claim based on an alleged

failure to pay another employee. Again, Defendants misstate the scope of Plaintiff's claim. Plaintiff's allegation is that she was retaliated against for complaining of Defendants' violation of a clearly established public policy. 40 Okla. Stat. § 199 clearly establishes a "whistleblower" provision for the Oklahoma Protection of Labor Act. That section criminalizes the discharge of an employee for taking actions or exercising rights provided by the Act. Thus, the Court finds that Plaintiff's claims for retaliation for her complaints regarding alleged violation of the Act state a claim for relief as a public policy Burk tort.

Defendants' second challenge is to Plaintiff's worker's compensation related claim. Plaintiff alleges that she was terminated, in part, for assisting another employee in filing a worker's compensation claim against Defendants. Plaintiff alleges that she is entitled to maintain a wrongful termination claim, as Defendants' termination of her in this regard violated Oklahoma's clearly established public policy. In support of her claim, Plaintiff directs the Court to 85 Okla. Stat. § 341(A)(3), which prohibits the discharge of any employee because the employee instituted or caused to be instituted any proceeding under the provisions of this Act. As Plaintiff notes, the allegations in her state court petition assert that she was terminated in part because she had filed a form, which is an employer's first notice of injury, after an employee of Defendants notified Plaintiff that she had been injured on the job. Certainly § 341 can be read to provide protection for an individual acting as Plaintiff did. Further, given the clear statutory intent of the anti-retaliation provisions of Oklahoma Workers' Compensation Code, it would be disingenuous to find that Oklahoma had a public policy protecting an employee who filed a worker's compensation claim for her

own injury, but would not protect retaliation against another employee who assisted in filing the same claim.

Accordingly, the Court finds that Plaintiff has articulated a clearly established public policy against retaliation for filing or assisting in filing a worker's compensation claim. On this basis Defendants' Motion to Dismiss will be denied.

For the reasons set forth herein, Defendants' Partial Motion to Dismiss State Law Public Policy Tort Claims (Dkt. No. 10) is DENIED.

IT IS SO ORDERED this 28th day of March, 2013.

ROBIN J. CAUTHRON
United States District Judge