IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKI L. GLASCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-13-0130-C |
| ) | |
| ADVANCED DENTAL IMPLANT & ) | |
| DENTURE CENTER, LLC, d/b/a MY ) | |
| DENTIST; ADVANCED DENTAL ) | |
| IMPLANT AND DENTURE, INC.; ) | |
| and MY DENTIST HOLDINGS, LLC, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff was hired by Defendants on September 26, 2011, to serve as an HR manager. Plaintiff was terminated by Defendants on January 5, 2012. Plaintiff now argues that her termination was in violation of certain statutory rights. Specifically, Plaintiff alleges that her termination was in retaliation for her engaging in activity protected by Title VII because she complained about Defendants' discriminatory actions. Plaintiff has also raised claims that she was terminated for protesting Defendants' violations of the Fair Labor Standards Act and in retaliation for assisting a worker in filing a worker's compensation claim pursuant to Oklahoma law.

Defendants deny each of these allegations and argue that Plaintiff was terminated because she had failed to properly perform her job. Arguing that the undisputed material facts support their assertion that Plaintiff's termination was proper, Defendants filed the present Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

To establish a prima facie case for retaliation, a plaintiff must show: "'(1) she engaged in protected opposition to Title VII discrimination; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." Fye v. Okla. Corp. Comm'n, 516 F.3d 1217, 1227 (10th Cir. 2008) (quoting Meiners v. Univ. of Kan., 359 F.3d 1222, 1229 (10th Cir. 2004)). Defendants argue that Plaintiff cannot establish a prima facie case because she has failed to offer any evidence that she engaged in protected activity that led to her termination. Plaintiff offers three instances where she complained to her supervisors and/or protested about their conduct which she believed violated Title VII.

First, following an interview between Dr. Offel and an African-American woman for the Lewisville, Texas, location, Plaintiff alleges that Dr. Offel stated that that person would not be hired, as there were already too many blacks in Lewisville and that she, the applicant, had "long, gross fingernails." To establish her opposition to this conduct, Plaintiff asserts she responded that "race is irrelevant" and "just ask her to cut her nails." (Pl.'s Pet., Dkt. No. 1-1, p. 9.) Plaintiff asserts she then went to another management individual for Defendants, Dr. Steffen, and related the previous conversation. According to Plaintiff, Dr. Steffen's response was that she had her answer. Plaintiff asserts that Dr. Steffen also stated there were too many blacks in Lewisville and that they were ugly.

Plaintiff's second allegation of engaging in actions in opposition to discriminatory conduct arises from a discussion she had with Dr. Steffen. Plaintiff alleges Dr. Steffen made

3

the remark that he would not hire a black to work in Beverly Hills, or a white to work in Compton. Plaintiff asserts she responded, stating, "Why wouldn't I? I would hire the best qualified." (Pl.'s Resp., Dkt. No. 37-3, p. 4.)

The third incident occurred in October of 2011, when Dr. Steffen allegedly remarked that two African-American regional managers "were hiring too many of their own kind," meaning too many blacks. According to Plaintiff, Dr. Steffen remedied that "problem" by requiring an HR person to conduct a second interview with all the candidates. Presumably this HR person would curtail the hiring of African-Americans. Plaintiff asserts she complained to Dr. Steffen that the second interview requirement was not placed on white regional managers. According to Plaintiff, her point in making this comment was to advise Dr. Steffen of the wrongness in his conduct and cause him to change his course of action.

Defendants challenge the quality of Plaintiff's statements of opposition, asserting that none of the comments noted above were sufficient to apprise Defendants of her opposition or put them on notice that she was complaining about the alleged discriminatory practice. Plaintiff argues that her statements to management for Defendants made clear to those management individuals that their conduct was in violation of Title VII and that she was protesting against it. What is adequate to constitute opposition to discriminatory conduct is not clearly defined. "Protected opposition can range from filing formal charges to voicing informal complaints to superiors." Hertz v. Luzenac Am., Inc., 370 F.3d 1014, 1015 (10th Cir. 2004). Regardless of the form of the complaint or opposition, what must occur is an understanding that the plaintiff is protesting discriminatory conduct. At this stage of the

4

proceeding, the Court is required to view the facts in the light most favorable to Plaintiff. From this vantage point, the Court finds that Plaintiff's statements were adequate to notify Defendants' management team that she was opposed to discriminatory conduct. Accordingly, Plaintiff has satisfied the first element of her prima facie case.

As for the second element, adverse action, Defendants do not argue that Plaintiff's termination was anything other than an adverse employment action. Therefore, Plaintiff has also satisfied the second element.

Defendants argue there is no causal connection between Plaintiff's termination and her protected activity. In <u>Argo v. Blue Cross & Blue Shield of Kan., Inc.</u>, 452 F.3d 1193, 1202 (10th Cir. 2006), the Tenth Circuit held that temporal proximity, standing alone, was sufficient evidence of a causal connection. In <u>Argo</u>, the opposition to discrimination occurred approximately 24 days prior to the adverse employment action. In <u>Anderson v. Coors Brewing Co.</u>, 181 F.3d 1171, 1179 (10th Cir. 1999), the Tenth Circuit held that six weeks between a protected activity and the adverse action was sufficient to give rise to an inference of causation.

Applying these cases to the facts in this matter, the Court finds that the proximity between Plaintiff's conduct and the adverse action of her termination was sufficiently close in time to give rise to an inference of a causal connection. Therefore, the Court finds Plaintiff has satisfied her burden of bringing forth a prima facie case of retaliation.

Once Plaintiff makes her prima facie case, the burden of production shifts to Defendants to offer a legitimate, nondiscriminatory reason for her termination. Defendants

argue that they terminated Plaintiff for the legitimate, nondiscriminatory reason that she was unable to complete her assigned tasks efficiently and to the satisfaction of Defendants' management. Defendants have offered a legitimate reason for Plaintiff's termination, and the burden now shifts to Plaintiff to show that reason was, in fact, a pretext for discrimination.

The Tenth Circuit has held that where an employer gives mutually inconsistent reasons for a plaintiff's termination, pretext is established. See Dominguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 432 (1st Cir. 2000) ("A company may have several legitimate reasons to dismiss an employee. But when a company, at different times, gives different and arguably inconsistent explanations, a jury may infer that the articulated reasons are pretextual."); Paup v. Gear Prods., 327 F. App'x 100, 114 (10th Cir. 2009); Hare v. Denver Merch. Mart, Inc., 255 F. App'x 298, 305 (10th Cir. 2007).

Plaintiff argues Defendants' grounds for her termination have changed over time and are inconsistent. Plaintiff states there have been four different reasons given for her termination: (1) poor job performance; (2) the dynamics were not right; (3) the HR manager position had been eliminated; and (4) that Plaintiff was responsible for hiring too many blacks in the Lewisville, Texas, location. According to Plaintiff, the validity of the first two reasons is questionable when measured against the letter of reference given for Plaintiff by Dr. Steffen. In that letter, Dr. Steffen stated that Plaintiff did a very good job for My Dentist and brought a lot to the organization and that he would recommend Plaintiff for any HR

6

position to which she may aspire. That letter also implies that the reason Plaintiff's employment with My Dentist ended was that her position had been eliminated.

Plaintiff offers evidence which, if believed by the jury, would establish that her position was not eliminated after her termination. Thus, Plaintiff has demonstrated inconsistencies in the first three proffered reasons. This finding is sufficient to demonstrate pretext. However, Plaintiff's evidence related to the fourth reason is compelling.

Plaintiff argues the fourth reason set forth above played a substantial role in her termination. According to Plaintiff, a co-worker told Plaintiff that Defendants' chief financial officer stated Plaintiff had been terminated because "she hired too many blacks." Defendants argue this statement should not be considered because it is hearsay; however, the statement of the CFO is excluded from the hearsay rule by Fed. R. Evid. 801(d)(2) because it is the statement of a party opponent and is offered against that party. The affiant's recitation of the statement does not render it inadmissible. The affidavit is made on personal knowledge and the statements offered therein would be admissible at trial if the affiant were to testify in person. See Fed. R. Civ. P. 56(c)(4); Bryant v. Farmers Ins. Exch., 432 F.3d 1114, 1122 (10th Cir. 2005).

Given the shifting reasons and inconsistent positions for Plaintiff's termination offered by Defendants, as well as the evidence of a discriminatory animus demonstrated by the CFO's statement, the Court finds Plaintiff has demonstrated Defendants' proffered reasons for her termination are pretextual.

Having satisfied her prima facie case and demonstrated pretext in Defendants' purported nondiscriminatory reasons, Plaintiff has offered evidence from which a reasonable jury could find that discrimination occurred. Accordingly, Defendants' motion for summary judgment on Plaintiff's Title VII claim will be denied.

As noted above, Plaintiff also complained about retaliation for engaging in protected activity related to Fair Labor Standards Act and for filing a worker's compensation claim. Despite the fact that Defendants raised arguments and evidence countering both of those claims in their summary judgment brief, Plaintiff has failed to offer any meaningful response. While Plaintiff did dispute the factual statement regarding the worker's compensation claim, she offered no evidence or argument countering Defendants' evidence that no one in management was aware of Plaintiff assisting the employee in filing the claim. Consequently, Plaintiff has failed to meet her burden of offering facts demonstrating a dispute requiring resolution by a jury. For this reason, Defendants' request for judgment on Plaintiff's Fair Labor Standards Act and worker's compensation retaliation claim will be granted.

Plaintiff has also conceded that her public policy or Burk tort claim is no longer valid based upon a statutory amendment to Oklahoma law. Therefore, those claims will likewise be dismissed.

## CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment of Defendants (Dkt. No. 34) is granted in part and denied in part. Plaintiff's claim for retaliation in

8

violation of Title VII survives; judgment will be entered on the remainder of Plaintiff's claims at the conclusion of the case.

IT IS SO ORDERED this 12th day of February, 2014.

ROBIN J. CAUTHRON
United States District Judge